Dear Mr. Delahaye:
The law does not prohibit Mr. Darryl Babin from holding both local parish employment (in this instance, with the utility department) and serving as municipal alderman (within the Town of Brusly). He may hold both positions concurrently because these positions fall within separate political subdivisions. Holding local elective office and local employment within the same political subdivision is prohibited by R.S. 42:63 (D), as this statute pertinently provides:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court. (Emphasis added).
The parish and the municipality are separate political subdivisions, as defined by R.S. 42:62 (9):
 (9) "Political subdivision" means a parish, municipality, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition, for the purposes of this part, mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions. (Emphasis added). *Page 2 
Our further analysis of the facts presented results in the conclusion that the law does not prohibit Mr. Babin from holding employment with the parish while serving in the part-time appointive office of waterworks commissioner. The law only prohibits simultaneous holding of a full time employment and a full time appointive office, as provided in R.S. 42:63 (E):
 E. No person holding a full time appointive office or full time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full time appointive office or full time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
However, we find it a violation of the dual officeholding law for Mr. Babin to hold concurrently the local elected position of alderman and the position of waterworks commissioner. Mr. Babin was appointed to the waterworks commission via the authority of R.S. 33:3813 (C)(6), which vests appointing authority for two of the memberships on the West Baton Rouge Parish Water Works District No. 2 Commission with the Board of Aldermen of the Town of Brusly. This statute pertinently provides:
 (6) Notwithstanding the provisions of this Section, the membership of the board of commissioners of each waterworks district in West Baton Rouge Parish shall be comprised of five members. The members shall be appointed by the police jury as provided in this Section, except that in a district which includes the entirety of a municipality, two members shall be appointed by the governing authority of the municipality. The provisions of this Subsection shall not apply to the board of commissioners for West Baton Rouge Parish Water Works District No. 1. (Emphasis added).
R.S. 42:64 prohibits dual officeholding or employment where the incumbent of one of the offices appoints incumbents to the other office. R.S. 42:64 (A)(1) pertinently states:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI. Section 15 of the Constitution of Louisiana. A board *Page 3 
or commission so created may elect officers from its own membership, and if a joint commission of two parishes, except a joint commission that has as its function the operation and maintenance of a causeway and its related roadways, may also appoint a member of one of such parish's governing body to be its general superintendent. (Emphasis added).
The above quoted section generally prohibits the members of a governing board from appointing themselves to a board over which the "parent" board retains appointive power. See Opinion 94-471, enclosed. The prohibition of R.S. 42:64 (A)(1) is made no less applicable by the factual circumstance that Mr. Babin did not serve as alderman at the time of his appointment to the waterworks commission. If Mr. Babin is elected to the board of alderman, he becomes part of the appointing authority empowered by R.S. 33:3813 (C)(6), and in that official capacity he would also be subject to the limitations imposed by R.S. 42:64 (A)(1). The enactors of RS. 42:64 (A)(1) did not personalize the prohibitory language of R.S. 42:64 (A)(1); the prohibitions are appropriately analyzed in terms of the office itself and not the specific individual who happens to occupy the position at any point in time, unless specifically provided for by law.
Note that the exception of R.S. 42:64 (A)(1) regarding local governmental subdivisions and the bodies created by them is inapplicable here. The West Baton Rouge Parish Waterworks District No. 2 Commission is a creature of the parish and not the municipality, as reflected in R.S. 33:3811.
Thus, we conclude that Mr. Babin may contemplate the following two arrangements as permissible: (1) he may simultaneously hold the local elected office of alderman and continue in his parish employment; or (2) he may hold the part-time appointed office of waterworks commissioner and continue with his parish employment. The situation which is prohibited by law is the simultaneous holding of waterworks commissioner and the local elected office of alderman, for the aforesaid reasons.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: KERRY L. KILPATRICK
ASSISTANT ATTORNEY GENERAL
KLK:ams